UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 17-2487 JGB (SPx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | *Robert Brown, et al. v. Perris Park Apartments Partnership* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 11); (2) DENYING Defendant's Motion to Strike (Dkt. No. 10); and (3) VACATING the Hearing Scheduled for April 2, 2018 (IN CHAMBERS)

  Two motions are before the Court.  On February 12, 2018, Defendant Perris Park Apartments ("Defendant") filed a Motion to Dismiss Plaintiffs' First Amended Complaint[1]. ("MTD," Dkt. No. 11.)  Plaintiffs Robert Brown, Latasha Brown, Arnice Mingo, Edwin Gaines, Roberta Lee Robbins, and the Fair Housing Council of Riverside County ("FHC") (collectively, "Plaintiffs") filed an opposition on March 12, 2018.  ("MTD Opposition," Dkt. No. 16.) Defendant filed a reply on March 19, 2018.  ("MTD Reply," Dkt. NO. 20.)  Additionally, on February 12, 2018, Defendant filed a Motion to Strike Plaintiffs' Complaint.  ("MTS," Dkt. No. 10.)  Plaintiffs filed an opposition on March 12, 2018.  ("MTS Opposition," Dkt. No. 15.) Defendant filed a reply on March 19, 2018.  ("MTS Reply," Dkt. No. 19.)  The Court considers these matters appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15. Upon consideration of the papers submitted in support of and in opposition to these motions, the Court GRANTS Defendant's MTD, DENIES Defendant's MTS, and VACATES the hearing scheduled for April 2, 2018.

---

  [1] Defendant characterizes Plaintiffs' Complaint as their First Amended Complaint. However, this characterization appears to be an error, as no other complaint has been filed.

# I. BACKGROUND

On December 13, 2017, Plaintiffs filed a complaint against Defendant containing four causes of action: (1) violation of the Fair Housing Amendments Act ("FHAA"); (2) violation of the California Fair Employment and Housing Act ("FEHA"); (3) breach of the warranty of habitability; and (4) negligence. ("Complaint," Dkt. No. 1.)  Plaintiffs allege Defendant engaged in a pattern or practice of discrimination based on familial status and disability. (Id. ¶ 10.) Specifically, Plaintiffs allege Defendant imposed differential terms, treatment, conditions, or privileges associated with a rental unit on prospective tenants because of familial status; imposed differential terms, treatment, conditions, or privileges associated with a rental unit on prospective tenants because of disability; retaliated against a tenant who complained about Defendant's denial of a reasonable accommodation request; retaliated against a tenant who complained about unreasonably restrictive house rules that discriminate against families with children; made unavailable or denied dwelling to a person because of familial status and disability; and failed to provide a rental unit in a habitable condition. (Id. ¶ 11.)

## A. Discrimination Based on Familial Status

According to the Complaint, on April 29, 2016, Plaintiffs Robert Brown and Latasha Brown emailed Defendant's corporate office regarding repair issues. (Id. ¶ 14.) In response, the onsite manager told them that they "should have never written anything like this," and "if you're trying to piss me off, yeah good job, you did it," and "people that live here longer do not complain about their problems." (Id. ¶ 15.) Plaintiffs then received notice of multiple lease violations, which discouraged their children from going outside for fear of receiving a violation for being unsupervised. (Id. ¶ 16.) Robert and Latasha Brown sent more emails complaining about the harassment they had endured, the lease violations, and the lack of repairs, but were told that the violations they received were legitimate. (Id. ¶ 17–18.) On April 6, 2017, Defendant issued a notice which stated that all household members under the age of 18 must be supervised at all times by the head or co-head of the household. (Id. ¶ 20.) On April 12, 2017, Plaintiffs Robert and Latasha Brown received another lease violation notice because management had seen their child in the common areas unsupervised. (Id. ¶ 21.) On or about April 30, 2017, the household of Plaintiffs Mingo and Gaines also received a lease violation notice for their son being outside. (Id. ¶ 22.) Plaintiff Mingo then spoke to the office manager about the violation and said she was going to talk to someone about her legal rights regarding her children and the condition of her apartment. (Id. ¶ 23.)  In response, management sent a "cease and desist" letter. (Id. ¶ 24.) Management would also contact the police department for an armed escort whenever they needed to go to the home of Plaintiffs Mingo and Gaines. (Id.)

## B. Discrimination Based on Disability

Plaintiff Roberta Lee Robbins is 82-years-old, suffers from macular degeneration, and is a legally blind, physically disabled person. (Id. ¶ 28.) When she moved into Defendant's apartments in September 2016, she told the onsite manager, Sandy, that she needed a parking space close to her apartment because it was difficult for her to walk. (Id. ¶ 29.) Sandy said she

would look into it.  (Id.)  Plaintiff Robbins made several more requests for a parking spot close to her home, and each time Sandy said she was looking into it.  (Id. ¶ 30.)  Plaintiff Robbins then became aware that Sandy had three parking spaces for her personal use close to Plaintiff Robbins's apartment.  (Id.)  She asked Sandy to trade a space with her, but Sandy refused.  (Id.)  On March 29, 2017, Plaintiff Robbins's granddaughter gave her a ride back to her apartment and parked in the space closest to Plaintiff Robbins's home.  (Id. ¶ 32.)  As the granddaughter parked, the driver in the car behind her laid on the horn.  (Id.)  The granddaughter then backed up and parked in the empty space next to the space she was initially in.  (Id.)  Sandy, the other driver, then screamed at Plaintiff Robbins's granddaughter that all the spaces in front of Plaintiff Robbin's home belonged to her, and the granddaughter needed to park across the street in order to walk Plaintiff Robbins to her home.  (Id.)  Plaintiff Robbins later went to the FHC to learn about her rights, then asked Sandy for a reasonable accommodation.  (Id. ¶ 33.)  Sandy gave her a form that her doctor should fill out.  (Id.)  After her doctor completed the form, Plaintiff Robbins returned it to Sandy.  (Id.)  Sandy then said that anyone could have filled out the form and corporate needed to approve it.  (Id.)  That is the last Plaintiff Robbins has heard about a parking space near her home.  (Id.)

## II.   LEGAL STANDARD

### A.  Motion to Dismiss

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 556 U.S. at

678 (quoting Twombly, 550 U.S. at 556).  The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B.  Motion to Strike**

Under Rule 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The function of a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted).  In order to determine whether to grant a motion to strike under Rule 12(f), the Court must determine whether the matter the moving party seeks to have stricken is: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous.  Id. at 973–74.

### III.  DISCUSSION

Although Defendant makes several arguments in favor of dismissal, its main contention is that Plaintiffs have failed to include sufficient facts to support their claims.  (MTD at 1–2.)  After reviewing Plaintiffs' Complaint, the Court agrees.  While Plaintiffs initially provide a factual background, they fail to fully set forth which facts are relevant to each particular claim, choosing instead to vaguely incorporate by reference the entire Complaint for each claim.  Moreover, each claim references several different statutes which regulate a variety of conduct.  Consequently, it is not clear whether facts which would apply to one statute referenced in a claim should also apply to another statute referenced in the same claim.

For example, in their FHAA claim, Plaintiffs allege violations of multiple statutes, including 42 U.S.C. § 3604(a), 42 U.S.C. § 3604(b), and 42 U.S.C. § 3617.  Defendant attacks Plaintiffs' Complaint by arguing Plaintiffs have failed to allege facts which constitute discrimination based on familial status under 42 U.S.C. § 3604(a).  (MTD at 3–4.)  Under § 3604(a), it is unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin."  Defendant argues no minor member of Plaintiffs' household has been denied housing.  (MTD at 4.)  In fact, Defendant notes Plaintiffs admit that they have been housed in Defendant's unit for many years.  (Id.)  As a consequence, Defendant argues Plaintiffs have not alleged facts in this case which would make 42 U.S.C. § 3604(a) relevant.  In their MTD Opposition, Plaintiffs do not address Defendant's arguments, but instead focus on demonstrating why their first claim is appropriate under 42 U.S.C. § 3604(b).  (MTD Opposition at 6–8.)  First, this response is inadequate, as it does nothing to rebut Defendant's charge that no facts have been set forth which justify a claim under § 3604(a).  Second, this response illustrates the problem with including multiple statutory

...

provisions in one claim, while failing to allege which facts are relevant to each claim. The result is a vague and confusing Complaint.

If a Rule 12(b)(6) motion is granted, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). Given the nature of Plaintiffs' Complaint, the Court GRANTS Defendant's MTD and DISMISSES Plaintiffs' Complaint WITH LEAVE TO AMEND. If Plaintiffs choose to amend, the First Amended Complaint should clearly and specifically allege each claim, and each individual claim should set forth its own set of particular facts. Additionally, claims which utilize more than one source of law should be accompanied by specific facts relevant to each source. If Plaintiffs choose to amend, it must be filed no later than April 27, 2018. Defendant's Motion to Strike is DENIED as moot.[2]

**IT IS SO ORDERED.**

---

[2] The Court will not extensively address the merits of the Motion to Strike. However, it is clear from a cursory review that it borders on being frivolous. In it, Defendant does not even attempt to meet the clearly established Rule 12(f) standard for striking Plaintiffs' Complaint, or any portion of it. Defendant is cautioned to refrain from filing motions of dubious merit. Failure to do so will result in sanctions.